FILED
CLERK, U.S. DISTRICT COURT

04/19/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>NATHAN JOHNSON,<br><br>　　　　Defendant. | ED CR No. 5:23-cr-00074-JFW<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(vi); (b)(1)(C): Possession with Intent to Distribute Controlled Substances; 18 U.S.C. § 924(c)(1)(A)(i): Possession of Firearms in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of Firearms and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about January 28, 2023, in Riverside County, within the Central District of California, defendant NATHAN JOHNSON knowingly and intentionally possessed with intent to distribute at least fifty grams, that is, approximately 409.8 grams, of methamphetamine hydrochloride, a Schedule II controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi)]

On or about January 28, 2023, in Riverside County, within the Central District of California, defendant NATHAN JOHNSON knowingly and intentionally possessed with intent to distribute at least forty grams, that is, approximately 219.8 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about January 28, 2023, in Riverside County, within the Central District of California, defendant NATHAN JOHNSON knowingly and intentionally possessed with intent to distribute cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about January 28, 2023, in Riverside County, within the Central District of California, defendant NATHAN JOHNSON knowingly and intentionally possessed with intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

COUNT FIVE

[18 U.S.C. § 924(c)(1)(A)(i)]

On or about January 28, 2023, in Riverside County, within the Central District of California, defendant NATHAN JOHNSON knowingly possessed firearms, namely, a Springfield Armory, model XD-S 3.3, .45 ACP caliber pistol, bearing serial number S3273293, and a Taurus Armas, model G2C, 9mm Luger caliber pistol, bearing serial number ABJ950741, in furtherance of drug trafficking crimes, namely: (1) Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii), as charged in Count One of this Indictment; (2) Possession with Intent to Distribute N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(B)(vi), as charged in Count Two of this Indictment; (3) Possession with Intent to Distribute Cocaine Base in the form of Crack Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Three of this Indictment; and (4) Possession with Intent to Distribute Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), as charged in Count Four of this Indictment.

## COUNT SIX

### [18 U.S.C. § 922(g)(1)]

On or about January 28, 2023, in Riverside County, within the Central District of California, defendant NATHAN JOHNSON knowingly possessed the following firearms and ammunition, in and affecting interstate and foreign commerce:

1. A Springfield Armory, model XD-S 3.3, .45 ACP caliber pistol, bearing serial number S3273293;
2. A Taurus Armas, Model G2C, 9mm Luger caliber pistol, bearing serial number ABJ950741;
3. Approximately 22 rounds of Remington-Peters 9mm Luger caliber ammunition;
4. Approximately 2 rounds of Speer 9mm Luger caliber ammunition;
5. Approximately 1 round of Cascade Cartridges Inc. 9mm Luger ammunition;
6. Approximately 1 round of Federal Cartridge 9mm Luger ammunition;
7. Approximately 1 round of Ammo Inc. 9mm Luger ammunition;
8. Approximately 1 round of Western Cartridge Company 9mm Luger caliber ammunition; and
9. Approximately 13 rounds of Winchester .45 auto caliber ammunition.

Defendant JOHNSON possessed such firearms and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Possession of Cocaine Base for Sale, in violation of California Health and Safety Code Section 11351.5, in the Superior Court of the State of California, County of Riverside, case number RIF132631, on or about October 6, 2006;

2. Possession of Cocaine Base for Sale, in violation of California Health and Safety Code Section 11351.5, in the Superior Court of the State of California, County of Riverside, case number RIF1307030, on or about September 23, 2013;

3. Possession of a Controlled Substance and a Loaded Firearm, in violation of California Health and Safety Code Section 11370.1, in the Superior Court of the State of California, County of Riverside, case number RIF1307030, on or about September 23, 2013;

4. Felon in Possession of a Firearm, in violation of California Penal Code Section 29800(a)(1), in the Superior Court of the State of California, County of Riverside, case number RIF1307030, on or about September 23, 2013;

5. Three counts of Possession of an Assault Weapon, in violation of California Penal Code Section 30605(a), in the Superior Court of the State of California, County of Riverside, case number RIF1307030, on or about September 23, 2013;

6. Felon in Possession of Ammunition, in violation of California Penal Code Section 30305(a), in the Superior Court of the State of California, County of Riverside, case number RIF1307030, on or about September 23, 2013; and

7. Inflict Corporal Injury on Spouse, in violation of California Penal Code Section 273.5(a), in the Superior Court of the State of California, County of Riverside, case number RIF2002521, on or about May 11, 2021.

FORFEITURE ALLEGATION ONE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts One through Four of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

    (b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

    (c)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

    (d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), or (c).

3.  Pursuant to Title 21, United States Code, Section 853(p), and as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be

located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in any of Counts Five or Six of this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)  All right, title, and interest in any firearms or ammunition involved in or used in any such offense; and

   (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

//

//

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

STEPHEN T. MERRILL
Special Assistant U.S. Attorney
Riverside Branch Office